## Owen *v.* Watson et al.

[No. 7,319. Filed November 24, 1911. Rehearing denied January 31, 1912.]

1. Appeal.—*Right Result.*—Where the trial court reached a correct result, its judgment will be affirmed. p. 324.
2. Quieting Title.—*Decree.—Effect.*—Where defendant answered the plaintiff's complaint to quiet title, by a general denial, an absolute decree for the plaintiff cuts off any right or interest which the defendant may have possessed at such time; but if there be a judgment that a lien exists, it may afterwards be foreclosed. p. 324.

From Randolph Circuit Court; *James S. Engle*, Judge.

Cross-complaint by Louisa Z. Watson against Timothy S. Owen and others. From a decree for cross-complainant, cross-defendant Owen appeals. *Affirmed*.

*Timothy S. Owen*, for appellant.
*John F. Meredith*, for appellees.

PER CURIAM.—This appeal is taken from a judgment rendered by the trial court on the cross-complaint of appellee Louisa Z. Watson, foreclosing a mortgage on certain real estate to which appellant held the legal title.

We have carefully examined the record in this case, and are of the opinion that the correct result was reached in the trial court. The record and briefs do not disclose

1. any error prejudicial to appellant, and the judgment should therefore be affirmed. The questions presented are not new or unusual, and a discussion of them would be of no value to the legal profession, and certainly would be of no advantage to the parties to this suit.

The judgment of the lower court is therefore affirmed without opinion.

## ON PETITION FOR REHEARING.

PER CURIAM.—There is no merit in the points raised by the petition for rehearing. It is true that when issues are joined by a general denial to a complaint to quiet

2. title, and a judgment is rendered thereon in favor of the plaintiff and against a defendant, such defendant cannot thereafter enforce any lien or incumbrance against said real estate and in his favor which existed at the time such judgment was rendered, and the decisions cited by appellant sustain this proposition. In this case, however, the judgment relied on as a bar was rendered in favor of the defendant and against the plaintiff on this issue. Every issue was therefore determined in favor of the defendant

and against the plaintiff, and such defendant is not prevented by said judgment from afterward setting up and enforcing a mortgage in her favor which existed at the time the judgment was rendered.